UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ABDUL K. CALHOUN,

                        Petitioner,

        v.

JEFFREY A. UTTECHT.

                        Respondent.

CASE NO. C12-5285 BHS-JRC

REPORT AND RECOMMENDATION

NOTED FOR:

SEPTEMBER 28, 2012

The District Court has referred this petition for a writ of habeas corpus to United States Magistrate Judge, J. Richard Creatura. The authority for the referral is 28 U.S.C. § 636 (b) (1) (A) and (B), and local Magistrate Judge Rules MJR3 and MJR4. Petitioner seeks relief from a state conviction. Thus, the petition is filed pursuant to 28 U.S.C. § 2254.

BASIS FOR CUSTODY

Petitioner seeks relief from convictions for first degree robbery and first degree burglary (ECF No. 1). Petitioner's convictions run concurrently with the longer sentence of first degree robbery, which is 144 months (ECF No. 14, Exhibit 30). In an unrelated case, the Pierce County

1    Superior Court also convicted petitioner of possession of cocaine. The 24- month possession of

2    cocaine conviction runs consecutively with the 144-month sentence for robbery (ECF No. 13,

3    page 2). The possession of cocaine conviction is not part of this petition and will not be

4    addressed further.

5                                                   FACTS

6           The Washington State Court of Appeals summarized the facts surrounding petitioner's

7    convictions as follows:

8           At approximately 2 a.m. on July 11, 2005, Celia Isaac, Isha Isaac, Rolan
            Kimbrough, and four young children were asleep in their small one bedroom
9           apartment. Celia awoke suddenly to a "big bang" shortly after she fell asleep.
            Report of Proceedings (RP) (May 3, 2006) at 32. When Celia opened her eyes,
10          she saw two men wearing bandanas entering the apartment through the living
            room window. One man ran at Celia, jumped on top of her, and searched her bra
11          until he recovered a key to the family's safe.

12          Meanwhile, the sound of the men coming into the apartment woke Rolan who
            came into the living room. Rolan immediately ran back to the bedroom to protect
13          his daughter when one of the men followed him and struck him over the head
            with a "pretty hard" object. RP (May 4, 2006) at 143. Rolan heard them ask
14          repeatedly, "Where's the safe, you know, we come for?" RP (May 4, 2006) at
            142. The men fumbled through the apartment until they found the safe and fled.
15
            Celia and Isha followed the men to the street and Celia saw the men jump into a
16          red truck. Isha was able to see the truck's license plate and immediately called
            911.
17          . . .

18          Officer Russell Martin was on patrol and received the 911 dispatch concerning the
            home invasion robbery. As officer Martin headed toward the victims' residence
19          he passed a red truck with a license plate matching Isha's description. Martin
            stopped the red truck and detained its three passengers. Calhoun and Frazier were
20          two of the passengers and Verndeleao Joy Banks was the third. Later, upon
            searching the vehicle, Martin discovered the victims' safe.
21
            The police transported Rolan and Isha to the traffic stop scene. When police
22          escorted Frazier and Calhoun out of the red truck, Rolan and Isha positively
            identified them as the two men who entered the apartment. The State charged
23          Calhoun and Frazier with first degree robbery, first degree burglary, and two
            counts of second degree assault.
24

(ECF No. 14, Exhibit 12, pages 2-3).

<u>PROCEDURAL HISTORY</u>

A jury convicted petitioner and his co-defendant, Zachary Frazier, of first degree robbery, first degree burglary, and two counts of second degree assault (ECF No. 14, Exhibit 1). The trial Judge calculated petitioner's offender score at nine. *Id*. In reaching that number, the trial judge relied in part on three prior Oregon drug convictions, which the trial judge counted as one point each. The trial judge imposed concurrent sentences, with the longest sentence being 171 months for the robbery conviction. *Id*. The original sentencing was in June of 2006. *Id*.

Petitioner appealed his conviction and sentence and raised six grounds for relief:

(1) Calhoun was denied his right to proceed pro se.
(2) The trial court erred by failing to conduct a competency hearing.
(3) The "show-up" identification procedure used in Calhoun's case was suggestive and unreliable, and the results of that show-up should have been suppressed.
(4) The assault convictions should have merged with the robbery conviction.
(5) Instruction No. 7 defining accomplice liability relieved the State of its burden of proving each element of the charged offenses, and
(6) Calhoun's offender score was improperly calculated.

(ECF No. 14, Exhibit 2). The Washington State Court of Appeals affirmed the convictions for first degree robbery and first degree burglary but held that the two assault convictions merged with the robbery conviction and remanded for re-sentencing (ECF No. 14, Exhibit 12).

Both petitioner and the state filed motions for discretionary review from the Washington Court of Appeals decision (ECF No. 14, Exhibits 15 through 25). The Washington State Supreme Court denied review without comment (ECF No. 14, Exhibit 26).

Petitioner was re-sentenced to 144 months on the robbery conviction, with the burglary conviction running concurrently (ECF No. 14, Exhibit 30). The second sentencing was in 2009.

REPORT AND RECOMMENDATION - 3

1    At resentencing, the state was allowed to present evidence of a fourth Oregon prior conviction.

2    The Washington State Court of Appeals summarized the re-sentencing hearing:

3            Calhoun's resentencing, which was conducted in a series of four hearings, began
             in May 2009. The State sought to introduce additional evidence proving the
4            comparability of Calhoun's three Oregon convictions from his initial sentencing
             hearing. In addition, the State sought to introduce evidence of a fourth Oregon
5            conviction and a 1999 Washington assault conviction, which the State had not
             presented at the initial sentencing hearing. Calhoun objected to the admission of
6            new evidence, arguing that the State was limited to the record and evidence
             introduced at the original sentencing hearing. The resentencing court continued
7            the first resentencing hearing in order to allow both parties the opportunity to
             brief this evidentiary issue.

8
             On July 1 and 17, 2009, the State argued that (1) it should be allowed to introduce
9            additional evidence pursuant to recent 2008 SRA amendments to RCW
             9.94A.525(21) and .530; and (2) even if the prior law applied, Calhoun's
10           objections at the original sentencing hearing were not sufficient to preclude the
             State from introducing additional evidence at resentencing. Calhoun argued that
11           (1) applying the 2008 SRA amendments violated the savings statute and the
             prohibition against ex post facto laws; (2) the resentencing court was obligated to
12           apply the law that was in effect at the time Calhoun committed his offenses; and
             (3) under the prior law, Calhoun's objections were sufficient to preclude the State
13           from introducing additional evidence at the resentencing. The resentencing court
             applied the 2008 SRA amendments and admitted all of the State's evidence.

14
             The State introduced certified copies of judgments and sentences to prove the
15           following prior convictions:

16           (1) 1995 Delivery of Controlled Substance, Oregon
             (2) 1998 Delivery of Controlled Substance, Oregon
17           (3) 1999 Second Degree Assault, Washington (FN 1)
             (4) 2001 Delivery of Controlled Substance, Oregon
18           (5) 2001 Possession of Controlled Substance, Oregon (FN 2)

19           FN1 RCW 9A.36.021 (1) (a).

20           FN 2 All of Calhoun's Oregon convictions relate to former *Or. Rev. Stat. Ann* §
             475.992 (1995) (subsequently renumbered at *Or. Rev. Stat. Ann* § 475.840 in
21           2005).

22           The State also presented copies of the Oregon statutes and the corresponding
             Washington statutes in order to prove comparability. Calhoun objected to the
23           admission of all the State's evidence. The resentencing court accepted all of the
             State's evidence, found that the State proved all of Calhoun's prior convictions,

24

1    and found that the Oregon convictions were comparable to the corresponding
     Washington statutes. Based on the above criminal history, the resentencing court
2    then calculated Calhoun's offender score at eight. The resentencing court
     calculated Calhoun's standard range as 108 to 144 months on the first degree
3    robbery conviction and 77 to 102 months on the second degree burglary
     conviction and imposed concurrent 144–month and 102–month sentences.
4
     (ECF No. 14, Exhibit 33, at 3-5).
5
           Petitioner appealed the amended sentence and raised seven grounds for relief:
6
           (1) The trial court erred by allowing the prosecutor to present evidence that was
7          not presented at the original (2006) sentencing.
           (2) The sentencing court erred by holding that Calhoun had waived any objections
8          to his offender score calculation in 2006.
           (3) The trial court erred by allowing the prosecutor to present evidence of
9          Calhoun's Clark County conviction, and defense counsel was ineffective for
           failing to object.
10         (4) The trial court erred by allowing new evidence of a 1998 Oregon conviction.
           (5) The trial court's application of the 2008 amendments to Washington's
11         sentencing laws to Calhoun's case violated due process, ex post facto, and state
           law.
12         (6) Defense counsel was ineffective for failing to object to the offender score
           calculation of eight, and
13         (7) Defense counsel was ineffective for failing to obtain a copy of the 2006
           sentencing transcript to show Calhoun's prior objection to the offender score
14         calculation.

15   (ECF No. 14, Exhibit 31, pages 2-5). The Washington State Court of Appeals affirmed the

16   sentence in a published opinion (ECF No. 14, Exhibit 33). *State v. Calhoun*, 163 Wash. App.

17   153, 257 P.3d 693 (2011). The Washington Court of Appeals remanded for correction of a

18   scrivener's error. *Id*.

19         Petitioner filed a motion for discretionary review in the Washington State Supreme Court

20   (ECF No. 14, Exhibit 36). Petitioner raised four grounds for relief:

21         (1) Violated the doctrine of separation of powers.
           (2) Violated RCW 10.01.040, the state's "savings statute."
22         (3) Violated ex post facto prohibitions, and
           (4) Violated due process, and invited prosecutorial vindictiveness.
23

24

REPORT AND RECOMMENDATION - 5

1   (ECF No. 14, Exhibit 36). The Washington State Supreme Court denied review without

2   comment on February 8, 2012 (ECF No. 14, Exhibit 37). The Washington State Court of

3   Appeals mandate that remanded to correct the scrivener's error was entered February 27, 2012

4   (ECF No. 14, Exhibit 38).

5          In his federal habeas corpus petition petitioner raises four grounds for relief:

6          (1) The application of the 2008 amendments to Washington's sentencing laws at
           his resentencing violated due process and ex post facto principles.

7          (2) The trial court's refusal in 2006 to acknowledge Calhoun's challenges to the
           calculation of his offender score violated due process.

8          (3) The trial court's allowing the prosecutor to present new exhibits at the
           resentencing hearing that were not presented at the original sentencing hearing

9          violated due process, and

10         (4) Counsel provided ineffective assistance at both the 2006 sentencing and the
           2009 resentencing hearings.

11  (ECF No. 7). Respondent has answered the petition and concedes that the first and third grounds

12  for relief are exhausted (ECF No. 13, page, 7). Respondent argues that although the second and

13  fourth grounds for relief are unexhausted, the Court may deny them on the merits pursuant to 28

14  U.S.C. § 2254 (d) (2). Petitioner did not file a reply.

15                              EVIDENTIARY HEARING

16         Evidentiary hearings are not usually necessary in habeas cases.  According to 28 U.S.C.

17  §2254 (e) (2), a hearing will occur only if a habeas applicant has failed to develop the factual

18  basis for a claim in state court, and the applicant shows that: (A) the claim relies on (1) a new

19  rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court

20  that was previously unavailable, or if there is (2) a factual predicate that could not have been

21  previously discovered through the exercise of due diligence; and (B) the facts underlying the

22  claim would be sufficient to establish by clear and convincing evidence that but for constitutional

23

24

1    error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

2    28 U.S.C. §2254 (e) (2).

3         Petitioner relies on established constitutional law, the factual predicates were available at

4    trial or sentencing, and the facts do not establish that no reasonable fact finder would have found

5    the applicant guilty. Accordingly, the Court concludes that an evidentiary hearing is not

6    necessary to decide this case.

7    <u>STANDARD OF REVIEW</u>

8         Federal courts may intervene in the state judicial process only to correct wrongs of a

9    constitutional dimension. *Engle v. Isaac*, 456 U.S. 107, 119 (1983).  28 U.S.C. § 2254 explicitly

10   states that a federal court may entertain an application for writ of habeas corpus "only on the

11   ground that [the petitioner] is in custody in violation of the constitution or law or treaties of the

12   United States."  28 U.S.C. § 2254 (a) (1995).  The Supreme Court has stated many times that

13   federal habeas corpus relief does not lie for mere errors of state law.  *Estelle v. McGuire*, 502

14   U.S. 62, 67 (1991); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Pulley v. Harris*, 465 U.S. 37, 41

15   (1984).

16        A habeas corpus petition shall not be granted with respect to any claim adjudicated on the

17   merits in the state courts unless the adjudication either: (1) resulted in a decision that was

18   contrary to, or involved an unreasonable application of, clearly established federal law, as

19   determined by the Supreme Court; or (2) resulted in a decision that was based on an

20   unreasonable determination of the facts in light of the evidence presented to the state courts.  28

21   U.S.C. §2254 (d).  Further, a determination of a factual issue by a state court shall be presumed

22   correct, and the applicant has the burden of rebutting the presumption of correctness by clear and

23   convincing evidence.  28 U.S.C. §2254 (e) (1).

24

1

<u>DISCUSSION</u>

2

      A.      The Ex Post Facto clause.

3

      Petitioner argues that application of the Washington 2008 Sentence Reform Act

4

amendments to his re-sentencing violates the Ex Post Facto Clause of the United States

5

Constitution. The Ex Post Facto Clause of the U.S. Constitution, article 1, section 10, prohibits

6

the states from enacting any law that (1) punishes an act that was not punishable at the time the

7

act was committed; (2) aggravates a crime or makes the crime greater than it was when

8

committed; (3) increases the punishment for an act after the act was committed; and (4) changes

9

the rules of evidence to receive less or different testimony than required at the time the act was

10

committed in order to convict the offender. *Collins v. Youngblood*, 497 U.S. 37, 41 (1990).

11

      The facts in *Collins* are instructive and apply by analogy. Petitioner in that case was

12

found guilty of a crime and the jury verdict sentenced him to life imprisonment and a ten

13

thousand dollar fine. Texas law did not allow for imprisonment and a fine. Petitioner applied for

14

habeas corpus relief in state court and the state court recommended granting plaintiff a new trial.

15

Before the writ was granted by the Texas State Court of Appeals the Texas legislature enacted a

16

new statute that allowed for reforming an improper verdict without the granting of a new trial.

17

Petitioner's sentence was reformed and the fine was excluded. *Collins*, 497 U.S. at 40. A Federal

18

District Court denied a writ for habeas corpus and the Federal Court of Appeals reversed.

19

      The Supreme Court reversed the Court of Appeals and noted that the changes in Texas

20

law did not violate the Ex Post Facto clause because they were procedural in nature. The changes

21

did not alter the nature or punishment for which the petitioner was eligible. *Collins* 497 U.S. at

22

45-46.

23

24

1   Similarly, in this case the Washington State Court of Appeals considered petitioner's

2   ground for relief and, like the Supreme Court in *Collins*, held that the changes to the law were

3   procedural because they did not change the elements of the offense, the severity of punishment,

4   or what evidence could be used to prove the offense (ECF No. 14, Exhibit 33, page 9). The

5   Washington State Court of Appeals noted that petitioner's prior convictions could have been

6   used to calculate his offender score before and after the 2008 amendments and that the 2008

7   amendments did not change the weight given to prior convictions. The Washington State Court

8   of Appeals held that the changes to the law only changed when the state could present evidence

9   and, therefore, were procedural (ECF No. 14, Exhibit 33, page 9).

10   This Court concurs. The holding of the Washington State Court of Appeals does not

11   involve an unreasonable application of clearly established federal law, as determined by the

12   Supreme Court; or result in a decision that is based on an unreasonable determination of the facts

13   in light of the evidence presented to the state courts. The Court recommends denial of the first

14   ground for relief.

15   B.      Due process at the 2006 sentencing.

16   Respondent argues that even though this ground for relief was not properly exhausted it

17   may be denied on the merits pursuant 28 U.S.C. § 2254 (b) (2). This ground for relief was not

18   presented to the Washington State Supreme Court. Further, the 2006 sentencing was set aside in

19   petitioner's direct appeal. Petitioner was re-sentenced in 2009. Thus, with regard to the 2006

20   sentencing, there is no issue on which the Court could grant relief.  As respondent notes

21   "[f]ederal courts are without power to decide questions that cannot affect the rights of the

22   litigants in the case before them." *North Carolina v. Rice*, 404 U.S. 244, 246 (1971).

23

24

REPORT AND RECOMMENDATION - 9

1    The Washington State Court of Appeals considered this claim, noted that it had already

2    addressed the 2006 hearing and dismissed this requested relief as moot (ECF No. 14, Exhibit 33,

3    page 13).  Again, the holding of the Washington State Court of Appeals does not involve an

4    unreasonable application of clearly established federal law, as determined by the Supreme Court;

5    or result in a decision that is based on an unreasonable determination of the facts in light of the

6    evidence presented to the state courts. Therefore, the Court recommends denial of the second

7    ground for relief.

8        C.       Due Process.

9        The petitioner states in his petition "Under the law in effect at the time of the crimes, the

10   prosecution was not entitled a second chance to meet the burden of proof it failed to meet at the

11   original sentencing, and could not add criminal history on remand for sentencing." (ECF No. 7,

12   page 8).  Petitioner provides the following alleged supporting facts:

13           During the original sentencing hearing the state prosecutor presented two exhibits
             to establish Calhoun's criminal history: 1) a certified copy of a document relating
14           to a December 1995 conviction for "delivery of a controlled substance"; and 2)
             another document relating to two offenses from September of 2001, a "delivery of
15           a controlled substance" and a possession offense. The prosecutor told the court
             that he also had information indicating that Calhoun had a prior conviction for
16           second-degree assault from 1999 in Clark County, but that he had not gotten a
             certified copy of the conviction for that offense and it was irrelevant because
17           Calhoun's offender score was "nine" with just the three prior points for which the
             prosecutor had evidence.
18
19   (ECF No. 7, page 8). The Court views this ground for relief as a substantive due process claim.

20       The Washington State legislature amended the state's sentencing laws in 2008 and added

21   a sentence:"[p]rior convictions that were not included in criminal history or in the offender score

22   shall be included upon any resentencing to ensure imposition of an accurate sentence." (ECF No.

23   14, Exhibit 33, page 7). Further amendments stated that "[o]n remand for resentencing following

24   an appeal or collateral attack, the parties shall have the opportunity to present and the court to

1  consider all relevant evidence regarding criminal history, including criminal history not

2  previously presented."

3       Substantive due process protects individuals from arbitrary deprivation of their liberty by

4  government. *Brittain v. Hansen*, 451 F.3d 982, 991 (9th Cir. 2006) (*citing County of Sacramento*

5  *v. Lewis*, 523 U.S. 833, 845-49 (1998)). There is nothing arbitrary about a state legislature

6  ensuring that at sentencing, or resentencing, the court considers all of a defendant's criminal

7  history. Further, as noted by respondent, this is an area of state law where the legislature enacted

8  a statute and the Washington Courts have interpreted state law.

9  Respondent argues that:

10       On federal habeas review, the federal court must presume that the state
courts correctly applied the state's laws. *Bell v. Cone*, 543 U.S. 447, 455 (2005).

11  A determination of state law by a state appellate court is also binding in a federal
habeas proceeding. *Hicks v. Feiock*, 485 U.S. 624, 629-30 n. 3 (1988). "[A] state

12  court's interpretation of state law, including one announced on direct appeal of
the challenged conviction, binds a federal court sitting in habeas corpus."

13  *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005). The state courts are the ultimate
expositors of state law in the absence of an obvious subterfuge to avoid federal

14  review. *Id.* "Federal courts do not have supervisory jurisdiction over state judicial
proceedings and may intervene only to correct wrongs of constitutional

15  dimension." *Smith v. Phillips*, 455 U.S. 209, 221 (1982); *see also Danforth v.*
*Minnesota*, 552 U.S. 264, 289 (2008); *Sanchez-Llamas v. Oregon*, 548 U.S. 331,

16  345-46 (2006). Thus, a federal court is not "a rule making-organ for the
promulgation of state rules of criminal procedure." *Spencer v. Texas*, 385 U.S.

17  554, 564 (1967). "[A] state rule of law 'does not run afoul of the Fourteenth
Amendment because another method may seem to our thinking to be fairer or

18  wiser or to give a surer promise of protection to the prisoner at bar.'" *Spencer*,
385 U.S. at 564 (*quoting Snyder v. Massachusetts*, 291 U.S. 97, 105 (1934)).

19

20  (ECF No. 13, page 17). The change in law that allowed the prosecutor to present petitioner's full

21  criminal history does not violate any federally protected constitutional right. Accordingly, the

22  Washington State Court of Appeals' holding that affirmed the use of petitioner's full criminal

23  history at resentencing does not involve an unreasonable application of clearly established

24  federal law, as determined by the Supreme Court; or result in a decision that is based on an

1   unreasonable determination of the facts in light of the evidence presented to the state courts. The

2   Court recommends denial of the third ground for relief.

3          D.        Ineffective assistance of counsel.

4          Petitioner argues ineffective assistance of counsel at his 2006 and his 2009 sentencings

5   (ECF No. 7, page 10). His sole issue regarding his 2009 re-sentencing is that counsel allegedly

6   did not obtain transcripts from the 2006 sentencing hearing. Petitioner did not exhaust this

7   ground for relief because he never presented this issue to the Washington State Supreme Court.

8   Therefore, it should be denied pursuant to 28 U.S.C. 2254 (b) (2).

9          In order to establish that petitioner was ineffectively assisted by counsel, petitioner must

10  show that counsel's representation fell below an objective standard of reasonableness and that

11  the deficient performance affected the result of the proceeding.  *Strickland v. Washington*, 466

12  U.S. 668, 686 (1984). There is a strong presumption that counsel's conduct falls within the wide

13  range of reasonable professional assistance.  *Id*. at 689.  In order to demonstrate prejudice, the

14  defendant must show there is a reasonable probability that but for counsel's unprofessional

15  errors, the result would have been different.  *Strickland*, 466 U.S. at 694.

16         The petitioner must demonstrate prejudice -- that but for counsel's unprofessional errors,

17  the result would have been different.  *Strickland*, 566 U.S. at 694.  This court must determine

18  whether counsel's errors or omissions rendered the proceeding fundamentally unfair or the

19  result, unreliable.  *Lockhart v. Fretwell*, 506 U.S. 368-72 (1993).   To meet the second *Strickland*

20  requirement of prejudice, "defendant must show that there is a reasonable probability that, but

21  for counsel's unprofessional errors, the result of the proceeding would have been different.  A

22  reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id*. at

23  694.

24

1    Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), it is not enough

2    for a petitioner to convince this Court that the state court applied *Strickland* incorrectly; rather,

3    petitioner must show that the state court applied *Strickland* in an objectively unreasonable

4    manner. 28 U.S.C.A. § 2254 (d) (1); <u>*see Harrington v. Ritcher*</u>, No. 09-587 2011 WL 148587

5    (U.S. January 19, 2011); *Bell v. Cone*, 535 U.S. 685 (2002).

6    The Washington State Court of Appeals remanded for resentencing when it determined

7    that petitioner's assault convictions merged with the robbery conviction. Any errors petitioner

8    attributes to counsel at sentencing in 2006 are irrelevant because of the 2009 resentencing.

9    Petitioner's only complaint regarding his counsel at the 2009, re-sentencing was that

10   counsel failed to get transcripts from the prior sentencing. Petitioner fails to show this was

11   objectively unreasonable and fails to show prejudice. The prior sentencing is irrelevant because

12   petitioner was re-sentenced. At the 2009, re-sentencing the state was allowed to present all

13   criminal history, not just what had been presented in 2006.

14   The Washington State Court of Appeals considered this ground for relief and stated:

15       To establish ineffective assistance of counsel on resentencing, Calhoun
         must show that (1) his counsel's performance was deficient and (2) the deficient

16       performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.
         Ct. 2052, 80 L. Ed. 2d 674 (1984); *State v. McFarland*, 127 Wn.2d 322, 334– 35,

17       899 P.2d 1251 (1995). Prejudice would occur here if, but for his counsel's
         deficient performance, there is a reasonable probability that his sentence would

18       have differed. *In re Pers. Restraint of Pirtle*, 136 Wn.2d 467, 487, 965 P.2d 593
         (1998). Calhoun has failed to show either deficient performance or prejudice and

19       his ineffective assistance of counsel claim fails.

20       Calhoun's sole allegation of ineffective assistance of counsel at his
         resentencing hearing is that his counsel failed to timely request a copy of the

21       transcripts from his original sentencing hearing. But because we hold that the
         2008 SRA amendments govern Calhoun's resentencing hearing, no prejudice

22       resulted from the counsel's inability, if any, to effectively cite to Calhoun's
         alleged objections during his original sentencing hearing. Without a showing of

23       prejudice, Calhoun's ineffective assistance of counsel claim fails.

24

REPORT AND RECOMMENDATION - 13

1   (ECF No. 14, Exhibit 33, at 13-14). The Washington State Court of Appeals has properly

2   identified and applied the correct federal law to this ground for relief. As with the other issues

3   presented by petitioner, the holding of the Washington State Court of Appeals does not involve

4   an unreasonable application of, clearly established federal law, as determined by the Supreme

5   Court; or result in a decision that is based on an unreasonable determination of the facts in light

6   of the evidence presented to the state courts. The Court recommends denial of the fourth ground

7   for relief.

8                                    CERTIFICATE OF APPEALABLITY

9          A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district

10  court's dismissal of the federal habeas petition only after obtaining a certificate of appealability

11  from a district or circuit judge.  A certificate of appealability may issue only if a petitioner has

12  made "a substantial showing of the denial of a constitutional right."  *See* 28 U.S.C. § 2253 (c)

13  (2).  A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree

14  with the district court's resolution of his constitutional claims or that jurists could conclude the

15  issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v.*

16  *Cockrell*, 537 U.S. 322, 327 (2003) (*citing Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

17  Pursuant to this standard, this Court concludes that petitioner is not entitled to a certificate of

18  appealability with respect to this petition.

19         Pursuant to 28 U.S.C. § 636 (b) (1) and Fed. R. Civ. P. 72 (b), the parties shall have

20  fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P.

21  6.  Failure to file objections will result in a waiver of those objections for purposes of de novo

22  review by the district judge.  *See* 28 U.S.C. § 636 (b) (1) (C). Accommodating the time limit

23

24

1   imposed by Fed. R. Civ. P. 72 (b), the clerk is directed to set the matter for consideration on

2   September 28, 2012, as noted in the caption.

3          Dated this 24th day of August, 2012.

4

5

6          _____
           J. Richard Creatura
7          United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

REPORT AND RECOMMENDATION - 15